McGREGOR W. SCOTT
United States Attorney
KENNETH J. MELIKIAN
COURTNEY J. LINN
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, Ca.  95814
Telephone:  (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>         v.<br><br>APPROXIMATELY $32,980.00 IN U.S. CURRENCY,<br><br>             Defendant.<br>_____<br>JUAN ALBERTO SERRANO,<br><br>             Potential Claimant.<br>_____ | 2:06-MC-00017-MCE-DAD<br><br>CONSENT JUDGMENT<br>OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.  On February 4, 2004, the Drug Enforcement Administration forfeited the approximately $32,980.00 in U.S. Currency through an administrative forfeiture proceeding.

2.  On or about February 10, 2004, potential claimant Juan Alberto Serrano filed a Notice of Motion and Motion For Return of Property in In Re: The Search of: 3219 Bellview Street, Stockton, California, SW-03-0250-DAD.  On or about March 18, 2004, a

1

1  Stipulation and Order was filed that set aside the declaration of
2  forfeiture in the administrative proceeding and gave the government
3  ninety (90) days within which to commence the civil forfeiture of
4  the seized currency, and/or to obtain a criminal indictment
5  containing an allegation that the property was subject to
6  forfeiture.
7       3.  On April 22, 2004, the government filed a Second
8  Superseding Indictment containing a forfeiture allegation
9  concerning the approximately $32,980.00 in U.S. Currency in <u>U.S. v.
10 Juan Alberto Serrano, et al.</u>, CR-S-03-448 FCD.  Juan Alberto
11 Serrano was indicted pursuant to 21 U.S.C. §§ 846 and 841(a)(1).
12 On May 14, 2004, an Order was filed allowing the government to
13 maintain custody of the currency pending the resolution of the
14 criminal forfeiture matter.
15      4.  On September 2, 2005, a Superseding Information was filed
16 against Juan Alberto Serrano charging him with 31 U.S.C. §
17 5324(a)(3) - Structuring Financial Transactions.  On or about
18 September 6, 2005, a plea agreement was filed wherein Juan Alberto
19 Serrano pled guilty to the sole count of the Superseding
20 Information, structuring financial transactions in violation of 31
21 U.S.C. § 5324(a)(3).  In that plea agreement, Juan Alberto Serrano
22 agreed to forfeit to the United States voluntarily and immediately
23 all right, title and interest in the approximately $32,980.00 in
24 U.S. Currency seized on or about August 27, 2003 from the residence
25 located at 3219 Bellview Street, Stockton, California.
26      5.  Juan Alberto Serrano has acknowledged that he is the sole
27 owner of the defendant currency.
28      6.  This Court has jurisdiction in this matter pursuant to 28

U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the currency was seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the Court being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. All right, title and interest in the above-listed currency seized on or about August 27, 2003, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure and/or forfeiture of defendant property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and/or forfeiture, as well as to those now known or disclosed. The parties to the Stipulation filed herein have agreed to waive the provisions of California Civil Code § 1542, which provides: **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if**

3

**known by him must have materially affected his settlement with the debtor."**

12.  Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was probable cause for the seizure of defendant currency, and a Certificate of Probable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

13.  Juan Alberto Serrano acknowledges that he obtained, or declined to obtain, the advice of counsel prior to executing the above-referenced stipulation, and that he entered into it knowingly and voluntarily.

14.  All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

DATED: February 24, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

///
///
///
///
///
///
///
///

4

**CERTIFICATE OF REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described currency.

DATED: February 24, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE